## Commonwealth v. Cliff

*D. W. Bechtel*, for petitioner.
*John B. McGurl*, for Commonwealth.

HOUCK, J., July 22, 1935.—Defendant was convicted of robbery on September 23, 1933. He was sentenced on January 2, 1934. He had previously been convicted on three indictments charging robbery to January term, 1931, and, on these, he was sentenced by Hicks, P. J., to an aggregate minimum term of 10 years and was paroled on December 19, 1932. When sentenced on the present charge, his parole was revoked and he was sentenced to serve not less than one nor more than three years, to begin at the expiration of the minimum sentences which were imposed in January term, 1931. He now petitions for parole in the above-captioned case, alleging that he has served his minimum sentence and almost six months more. The district attorney opposed the parole on the merits and also on the ground that the petition is premature inasmuch as the sentence on which parole is sought has not yet begun.

There can be no doubt that the district attorney's second proposition is correct. The petitioner's sentence in no. 536A, May term, 1933, does not begin until the expiration of his minimum sentences in the three preceding cases. This minimum has not yet expired and petitioner has not yet begun to serve the last sentence which was imposed upon him. The time to consider an application for parole on the last sentence has not yet arrived.

It is useless in the present state of the record to consider the merits of the case. Suffice it to say that the very lenient sentence imposed in the last case was based upon the fact that defendant then had a long term of years to serve under his prior convictions.

And now, July 22, 1935, parole is refused.